# UNITED STATES DISTRICT COURT

## District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge
———————

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

<u>NOT FOR PUBLICATION</u>

<u>LETTER OPINION</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

June 2, 2008

**Appearances:**

Sheryl Gandel Mazur, Esq.
195 Fairfield Avenue
Suite 2C
West Caldwell, NJ 07006

Andreea Lechleitner, Esq.
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

Re:   <u>Smalls v. Astrue</u> - 02-567 (WHW)
      Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act

Dear Litigants:

Plaintiff Geraldine Smalls moves for an award of attorney's fees under the Equal Access

to Justice Act (the "EAJA"), 28 U.S.C. § 2412(a), (d).  Pursuant to Fed. R. Civ. P. 78, the Court

decides this motion without oral argument.  Plaintiff's motion for award of attorney's fees is granted, in part, and denied, in part.

## FACTS AND PROCEDURAL BACKGROUND

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff Geraldine Smalls sought the Court's review of the final determination of the Commissioner of Social Security (the "Commissioner"), which had denied her claim for disability insurance benefits and supplemental security income.  On August 2, 2007, this Court reversed that final determination and remanded the case to the Commissioner for further proceedings consistent with its Opinion.[1]  (See Op. (No. 22).)  Specifically, the Court held (1) that "remand is appropriate to fully evaluate [Plaintiff's] nonexertional limitations" and that "[i]f the [Administrative Law Judge ('ALJ')] rejects evidence pertaining to her nonexertional limitations, the rejection should be accompanied by an explanation," (id. at 21-22), and (2) that "remand is appropriate to permit the ALJ to evaluate the plaintiff's occupational base in accordance with the Third Circuit's rulings" in Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000) and Allen v. Barnhart, 417 F.3d 396 (3d Cir. 2005), (id. at 23-26).

On August 31, 2007, Plaintiff filed this motion for an award of attorney's fees.

## DISCUSSION

The Commissioner opposes Plaintiff Geraldine Smalls's motion for an award of attorney's fees on two grounds.  First, the Commissioner argues that Plaintiff is not entitled to an award under the EAJA because his position was "substantially justified."  (Def.'s Mem. (No. 25)

---

[1]  The Court refers to its August 2, 2007 Opinion for a discussion of the facts and procedural history underlying that ruling.

at 2-4.)  Second, the Commissioner claims, in the alternative, that Plaintiff's attorney's fee request "includes payment for hours expended which were excessive and unnecessary" and should be significantly reduced.  (Id. at 5-9.)

### 1.      "Substantially Justified"

According to the EAJA:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The "position of the United States" is both "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based."  Id. § (2)(D).

"Substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citations omitted).  In other words, "an agency position is substantially justified if it has a reasonable basis in both law and fact."  Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993) (citation omitted).

"The government has the burden of establishing that there is substantial justification for its position."  Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998) (citation omitted).  To satisfy this burden, the Government must show: "(1) a reasonable basis in truth for the facts alleged; (2)

a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced."  Id. (citation omitted).

According to the Commissioner, "[t]he Court agreed with the Commissioner's positions on all but one issue," asserting that "[t]he Court remanded the case solely because it found that the [ALJ] did not provide plaintiff with any notice regarding his intention to rely upon a Social Security Ruling ('SSR'), instead of taking the testimony of a vocational expert, after finding that plaintiff had non-exertional limitations."  (Def.'s Mem. (No. 25) at 2-3.)  This statement, however, is inaccurate.  The Court reversed and remanded the Commissioner's final determination for two reasons –  (1) the ALJ's failure to evaluate fully Plaintiff's nonexertional limitations, specifically her ability to stoop and to balance, in his assessment of Plaintiff's residual functional capacity, (see Op. (No. 22) at 21-22); and (2) the ALJ's failure to give notice of his reliance on SSR 96-9p in evaluating the impact of the nonexertional limitations on Plaintiff's occupational base, (id. at 23-26).  It is the Government's burden to demonstrate substantial justification, see, e.g., Morgan, 142 F.3d at 684; Hanover Potato Prods., 989 F.2d at 128, and here the Commissioner fails even to discuss the first basis for the Court's reversal and remand, let alone satisfy its burden.  Accordingly, the Court is constrained to find that the Commissioner has failed to establish that the position of the United States was substantially justified.

## 2.    Amount of Attorney's Fees

"'[F]ees and other expenses' includes . . . reasonable attorney fees."  28 U.S.C. § 2412(d)(2).  Accordingly, the EAJA permits an award of attorney's fees only to the extent that

the request is reasonable, and as such it is expected that parties "make a good faith effort to

exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as

a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."

Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  "The party seeking attorney's

fees has the burden to prove that its request for attorney's fees is reasonable."  Rode v.

Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  It is within the district court's discretion to

determine and to adjust the amount of a fee award as it sees fit.  Comm'r, Immigration &

Naturalization Servs. v. Jean, 496 U.S. 154, 161 (1990).

      Plaintiff is requesting an award of fees and expenses totaling $12,933.82, consisting of

$11,928.29 for attorney's fees (69.5 hours at a rate of $171.63),[2] $975.00 for paralegal's fees

(9.75 hours at a rate of $100.00), and $30.53 for expenses.[3]  The Commissioner argues, however,

that "[a] number of District Courts have held that, in general, twenty to forty hours reflects a

---

[2]  Plaintiff's original request for attorney's fees totaled $13,129.69 (76.5 hours at a rate of $171.63), but following the filing of the Commissioner's opposition memorandum to Plaintiff's motion, the request was revised to the figure stated above.  (See Pl.'s Reply Mem. (No. 26) at 5-6.)

In addition, the Commissioner has not raised any objection to Plaintiff's counsel's requested billing rate of $171.63.  The Court agrees with a billing rate of $171.63, as the EAJA provides for an award above the statutory rate of $125.00 as a result of "an increase in the cost of living," 28 U.S.C. § 2412(d)(2)(A), and the Third Circuit has approved of the use of the Consumer Price Index to calculate the proper cost of living adjustment, Dewalt v. Sullivan, 963 F.2d 27, 28-30 (3d Cir. 1992); Allen v. Bowen, 821 F.2d 963, 964-67 (3d Cir. 1987).

[3]  According to Plaintiff's reply memorandum, she is only requesting an award of paralegal fees of $950.00, (see Pl.'s Reply Mem. (No. 26) at 12), but her motion accounts for paralegal fees of $975.00, (see Pl.'s Mem. (No. 24), Ex. A).  Because Plaintiff does not signal an intent to revise her request for paralegal fees, the Court will treat the figure in the reply memorandum as a typographical error.

reasonable expenditure of time in an average disability case."  (See Def.'s Mem. (No. 25) at 5-6);

see also Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases);

DiGennaro v. Bowen, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) ("In cases of this nature,

compensated hours generally range from twenty to forty hours.").  According to the

Commissioner, "counsel's fee request includes payment for hours expended which were

excessive and unnecessary," (Def.'s Mem. (No. 25) at 5), and points to a number of instances of

allegedly excessive and unnecessary billing entries in the chart of "Attorney's Services

Rendered" submitted as an exhibit to Plaintiff's motion, (see id. at 6-8).  As examples, the

Commissioner objects to requests for fees for (1) 15 hours by Plaintiff's counsel for reviewing

and summarizing the administrative transcript, as well as reading an e-mail and making a

telephone call, (see id. at 6); (2) 20.25 hours by Plaintiff's counsel for preparing the Local Civ. R.

9.1 brief, (see id.); (3) 1.15 hours[4] by Plaintiff's counsel for reviewing the proposed consent order

to reopen the case and making a telephone call and 0.25 hours spent reviewing the filed consent

order to reopen the case, (see id. at 7); (4) 0.5 hours by Plaintiff's counsel for preparing a letter

regarding her "right to submit Contentions" and requesting extensions of deadlines for the

submission of contentions and briefs, (see id.); (5) 1.25 hours by Plaintiff's counsel for hand

delivery of the summons and complaint to the U.S. Attorney's office, (see id.); (6) 1.25 hours by

Plaintiff's counsel for preparing an affidavit of service, (see id.); (7) 0.75 hours by Plaintiff's

---

[4] It is unclear what billing entry the Commissioner is referring to, as Plaintiff's counsel does not account for 1.15 hours in any entry.  It is noted, however, that on December 10, 2006 and December 19, 2006, Plaintiff's counsel accounts for a total of 0.75 hours in connection with a proposed consent order to reopen the case.  (See Pl.'s Mem. (No. 24), Ex. A.)

counsel's paralegal for making telephone calls regarding extensions and by Plaintiff's counsel for discussing Plaintiff's failure to electronically file her Local Civ. R. 9.1 brief, (see id.); and (8) 1.0 hours by Plaintiff's counsel's paralegal for electronically filing briefs, (see id.).  Overall, the Commissioner claims that "repeated examples of gross exaggerations, undermine any contention that counsel may make that her remaining hours are reasonable" and suggests an award of fees and expenses totaling $4,749.65, consisting of $4,119.12 for attorney's fees (24 hours at a rate of $171.63), $600.00 for paralegal's fees (6 hours at a rate of $100.00), and $30.53 for expenses.

As an initial matter, the Court notes that Plaintiff's counsel's convention of rounding hours to the nearest 0.25 (i.e., 15 minutes) creates many questionable billing entries.  Just a few examples of tasks billed at 0.25 hours with which the Court has issues are:

- Plaintiff's counsel's review of signed one- or two-page consent orders following their entry by the Court (July 23, 2002 and January 4, 2007), despite her having reviewed the same before signing herself and despite the Court's having made no revisions to the text of the consent orders, (see Consent Order Extending Time to Answer (No. 5); Consent Order to Reopen (No. 9));
- Plaintiff's counsel's telephone calls, making simple requests such as "status updates" (May 14, 2002, September 11, 2002, October 24, 2002, and November 21, 2002), receiving simple responses (November 28, 2006), or leaving voicemail messages (November 29, 2006);[5]
- Plaintiff's counsel's review of letters that do not appear to have required any response (January 26, 2007 and May 4, 2007) or which have a response accounted for in a later entry (December 10, 2006);
- Plaintiff's counsel's paralegal's receipt of "stamped green cards," with attendant attachment, filing, and diarying (May 15, 2002, May 22, 2002, June 17, 2002, and August 29, 2002);

---

[5]  These billing entries are contrasted with that of June 14, 2005, where Plaintiff's counsel made three telephone calls, leaving two voicemail messages (one of which was "detailed"), in the course of 0.25 hours.  (See Pl.'s Mem. (No. 24), Ex. A.)

- Plaintiff's counsel's paralegal's review of PACER for case activity (March 15, 2006, March 21, 2007, and May 17, 2007); and
- Plaintiff's counsel's paralegal's telephone calls, making simple requests such as "status updates" (November 6, 2002, June 16, 2003, and September 23, 2003), requesting extensions (February 28, 2007), or following up on requests for extensions (January 16, 2007).

(See Pl.'s Mem. (No. 24), Ex. A.)  Each of these examples listed above strikes the Court as

"excessive, redundant, or otherwise unnecessary."[6]

The questionable billing entries, however, do not end with tasks billed at 0.25 hours.  As

examples:

- On April 30, 2002, Plaintiff's counsel billed 1.25 hours for "[h]and deliver[ing] summons and complaint to U.S. Attorney's office in Newark;"[7]
- On June 7, 2002, Plaintiff's counsel billed 1.25 hours for "[p]repar[ing] affidavit of service;"[8]

---

[6]  Additionally, on May 23, 2007, Plaintiff's counsel bills 0.25 hours for telephone calls from the Assistant U.S. Attorney regarding Plaintiff's failure to timely electronically file her Local Civ. R. 9.1 brief.  The Court believes this entry to be "excessive, redundant, or otherwise unnecessary" because had Plaintiff timely electronically filed her brief, this entry would be nonexistent.

[7]  Plaintiff claims that her counsel had to hand deliver the summons and complaint herself because her counsel "cannot afford a messenger service to deliver pleadings," because "in the past, messenger services have not properly returned a stamped copy of the filed complaint," and because her counsel "does not have any clerical employees who will travel to downtown Newark." (Pl.'s Reply Mem. (No. 26) at 10, ¶ 11.)  Despite Plaintiff's claims to the contrary, the Court posits that Plaintiff's counsel need not have personally hand delivered the summons and complaint and as such deems that billing entry unnecessary.

[8]  According to Plaintiff, "[t]he affidavit of service clearly takes time to prepare and must be prepared properly with proof of service to all parties." (Pl.'s Reply Mem. (No. 26) at 10, ¶ 12.)  Accordingly, Plaintiff "contends that these paralegal services were reasonable and necessary." (Id.)  Although the Court does not dispute that the preparation of an affidavit of service takes time, its review of the affidavit of service filed in this action convinces it that 1.25 hours for the preparation of that two-page, four-paragraph document is excessive. (See Aff. of

- On April 3, 2003, Plaintiff's counsel billed 0.5 hours (as opposed to 0.25 hours) to review another consent order, which she had previously reviewed before signing, following its entry by the Court, (see Consent Order to Remand (No. 6));[9]

- On October 15, 2003, Plaintiff's counsel billed 1.75 hours for four seemingly routine telephone calls – (1) to the Appeals Council regarding "case status;" (2) to a specific individual at the Appeals Council for instructions regarding how to transfer a case from district court to the Appeals Council; (3) to the clerk's office regarding the district court's steps following an order to remand; and (4) to the same individual at the Appeals Council, leaving a message reporting information from the clerk's office – and for drafting a cover letter to the Appeals Council, enclosing a copy of the order to remand;

---

Serv. (No. 3).)  Further, the Court notes that in her reply memorandum, Plaintiff describes the preparation of the affidavit of service as "paralegal services," (see Pl.'s Reply Mem. (No. 26) at 10, ¶ 12.), but Plaintiff's counsel billed the task as having been performed by herself, not her paralegal, (see Pl.'s Mem. (No. 24), Ex. A).

[9]  Indeed, the entire process of reviewing consent orders by Plaintiff's counsel, from reading cover letters and proposed consent orders, to preparing her own cover letter with the signed proposed consent order, to reviewing the entered consent order, takes between 0.75 hours (i.e., 45 minutes) to 1.25 hours (i.e., 1 hour and 15 minutes).  (See Pl.'s Mem. (No. 24), Ex. A (total of 0.75 hours on July 3, 2002 and July 23, 2002 for Consent Order Extending Time to Answer (No. 5); total of 1.25 hours on February 14, 2003 and April 3, 2003 for Consent Order to Remand (No. 6); and total of 1.0 hour on December 10, 2006, December 19, 2006, and January 4, 2007 for Consent Order to Reopen (No. 9).)  The Court questions why Plaintiff's counsel needed (1) 0.75 hours on February 14, 2003 to review a cover letter and proposed consent order (which she had previously discussed in a telephone call on January 29, 2003), to make a telephone call regarding the proposed consent order, to sign the proposed consent order, and to mail the signed proposed consent order; and (2) 0.5 hours on December 19, 2006 to sign a proposed consent order and to make a telephone call regarding the signed proposed consent order.  (Id.)  Plaintiff states that during the December 19, 2006 telephone call "more was discussed than a '10-line' consent order," such as "the history of the case, the subsequent application and . . . urg[ing] the Defendant to . . . consider a remand."  (Pl.'s Reply Mem. (No. 26) at 7, ¶ 8.)  The Court appreciates that the December 19, 2006 conversation might have entailed more than simply providing notice to expect the signed proposed consent order, but a half-hour appears excessive for affixing a signature and making a telephone call.

- On October 17, 2003, Plaintiff's counsel billed 0.75 hours for a telephone call to the Appeals Council, where she was informed that it needed a copy of the remand order, and for faxing a copy of the remand order;[10]
- On January 19, 2007, Plaintiff's counsel billed 0.5 hours for drafting a one-page letter regarding Plaintiff's "right to submit Contentions" and requesting extensions, (see Letter (No. 11));[11]
- On February 13, 2002, Plaintiff's counsel's paralegal billed 1.0 hours for receipt of "filed green card, filed complaint and summonses. . . . [and] cashier's receipt of filing check," with attendant filing and diarying; and
- On January 23, 2007, Plaintiff's counsel's paralegal billed 0.5 hours for electronically filing and sending courtesy copies of four pages of contentions, (see Contentions (No. 12)).[12]

---

[10]  Plaintiff's counsel then billed another 0.25 hours for the redundant task of calling the Appeals Council on October 20, 2003 and refaxing the remand order.  (See Pl.'s Mem. (No. 24), Ex. A.)

[11]  Plaintiff contends that the January 19, 2007 "letter was reasonable and necessary. . . . to protect her . . . due process rights in writing" and that "Plaintiff's attorney was fully within her right to exercise filing of Rule 9.1 Contentions." (Pl.'s Reply Mem. (No. 26) at 8, ¶ 9.)  The Court's review of the January 19, 2007 letter, (see Letter (No. 11)), reveals that the letter was, in fact, unnecessary.  The e-mail attached to the letter indicates that the Commissioner was not disputing Plaintiff's right to file contentions, but rather that the Commissioner would "treat your December letter as a 9.1 letter, if you wish." (Id. at 2 (emphasis added).)  In addition, Plaintiff's request for an extension in the January 19, 2007 letter had been previously rebuffed by the Commissioner.  (See id.)  Moreover, in light of that Plaintiff filed her contentions only four days after the drafting of the January 19, 2007 letter, it is unclear how it was anything but unnecessary.

This billing entry is also contrasted with that of January 23, 2007, where Plaintiff's counsel only billed 0.25 hours for the actual preparation of contentions, as well as her review of an e-mail, but billed 0.5 hours for the drafting of the January 19, 2007 letter.  (See Pl.'s Mem. (No. 24), Ex. A.)

[12]  This billing entry is contrasted with that of March 20, 2007, where Plaintiff's counsel's paralegal billed 0.5 hours for electronically filing and sending courtesy copies of four pages of amended contentions, in addition to a one-page letter and fourteen pages of attachments, (see Am. Contentions (No. 13)), as well as for making a substantive telephone call, and that of May 24, 2007, where Plaintiff's counsel's paralegal billed 0.5 hours for electronically filing and sending courtesy copies of Plaintiff's twenty-seven-page Local Civ. R. 9.1 brief, in addition to thirty pages of exhibits and a five-page table of authorities, (see Pl.'s Br. (No. 18); Table of Auths. (No. 19)).  (See Pl.'s Mem. (No. 24), Ex. A.)

(See Pl.'s Mem. (No. 24), Ex. A.)  Although the Court does not dispute the necessity of some of

these activities,[13] the Court finds the amount of hours billed for these activities to be excessive.

      The majority of Plaintiff's counsel's billing entries are for drafting briefs and memoranda

(27 hours – 18.5 hours for Local R. Civ. 9.1 brief, 4.75 hours for reply brief, and 3.75 for EAJA

memorandum) and for reviewing and summarizing the administrative transcript (15 hours).  With

respect to the billing entries for drafting briefs and memoranda, the Court does not take issue.

With respect to the billing entries for reviewing and summarizing the administrative transcript,

however, the Court believes that they are excessive.  Plaintiff argues that her counsel "is actually

requesting 2-minutes or less per page time to review and summarize and transcribe her summary

or [sic] the evidence in preparation for the brief."  (Pl.'s Reply Br. (No. 26) at 6, ¶ 4.)  This

argument distorts the reality that the administrative transcript contains many pages of likely

quickly-dismissed material.  Further, although the Court recognizes that "[t]he medical exhibits

in file were primarily handwritten," (id.), its review of the exhibits informs its conclusion that

this fact would not dramatically increase the degree of difficulty of Plaintiff's counsel review of

the administrative record.

      Given its conclusions as stated above, the Court finds that a more reasonable award of

fees and expenses is $10,652.98, consisting of $9,997.45 for attorney's fees (58.25 hours at a rate

of $171.63), $625.00 for paralegal's fees (6.25 hours at a rate of $100.00), and $30.53 for

---

    [13]  The Court, however, concludes that activities such as Plaintiff's counsel's hand
delivery of the summons and complaint, half-hour review of a previously-reviewed consent
order, and drafting of a letter memorializing Plaintiff's right to file contentions to be wholly
"excessive, redundant, or otherwise unnecessary."

expenses.  Although the Court agrees with the Commissioner that "this was a routine disability case which involved no complex issues," (Def.'s Mem. (No. 25) at 6), Plaintiff's counsel expended significant time from mid-2002 until late-2006 dealing with the loss of Plaintiff's file, and as a result the range of twenty to forty hours is not an appropriate benchmark.  In addition, the Court awards costs of $150.00 for court filing fees pursuant to 28 U.S.C. § 2412(a)(1).[14]

---

[14]  The Court recognizes that within the federal court system, there is a split of opinion as to whether an award pursuant to the EAJA should go a plaintiff or to her counsel.  See Chonko v. Comm'r of Soc. Sec. Admin., No. 06-1647, 2008 WL 1809188, at *4 n.4 (D.N.J. Apr. 22, 2008) (collecting cases).  In this action Plaintiff states in her memorandum supporting her motion that "Plaintiff motions this Court for an award of attorney's fees and paralegal fees and expenses . . . to be paid to her attorney," (Pl.'s Mem. (No. 24) at 1), and submits a proposed order, providing "[t]hat Plaintiff's Motion for Attorney's and paralegal fees, expenses and costs . . . is hereby **GRANTED** and pursuant to the [EAJA], Plaintiff's Attorney, Sheryl Gandel Mazur, is awarded . . . reasonable attorney's fees and paralegal fees and expenses," (id. at 23.)  A later submission made by Plaintiff on May 12, 2008, however, provides that Plaintiff "assign[s] any court awarded EAJA attorney fees and costs, for federal court work only, to [her] attorney."  (Letter (No. 27) at 2.)  Because Plaintiff does not explicitly raise the issue as to whether the EAJA award should go to her or directly to her attorney, the Court infers from Plaintiff's latest submission that the award shall go to Plaintiff, who may then assign her award to her attorney.  To the extent, however, that Plaintiff argues that the award should go directly to her attorney, the Court finds that the text of the EAJA provides for an award of attorney's fees "to a prevailing party," 28 U.S.C. § 2412(d)(1)(A) – that is, Plaintiff – not her attorney.  Further, the Court believes that the Supreme Court's ruling in Evans v. Jeff D., 475 U.S. 717 (1986) supports this reading of the statute.  See Chonko, 2008 WL 1809188 at *7.

**CONCLUSION**

It is on this 2nd day of June, 2008,

**ORDERED** that Plaintiff Geraldine Smalls's motion for award of attorney's fees pursuant to the Equal Access to Justice Act is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff is awarded $10,652.98 for fees and expenses, consisting of $9,997.45 for attorney's fees (58.25 hours at a rate of $171.63), $625.00 for paralegal's fees (6.25 hours at a rate of $100.00), and $30.53 for expenses.

Plaintiff is also awarded $150.00 for costs.

<u>s/William H. Walls</u>
United States Senior District Judge

-13-